## CASENHISER, a Minor, et v
## WADSWORTH (city)

Ohio Appeals, 9th Dist, Medina Co

No 146.   Decided March 10, 1938

Merle M. Agin, Wadsworth, for appellant.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellee.

OPINION

By STEVENS, PJ.

Plaintiff filed his petition against the defendant to recover damages for personal injuries sustained by him when he stepped into an open upright tile located upon property owned by defendant city. Said tile was set into the ground so that the top thereof was flush with the surrounding surface; no cover was placed thereon, and grass had grown up so as to conceal the presence of said tile. The location of the tile was within 15 or 20 feet from a public road leading to a ball park maintained upon defendant's property.

Plaintiff, together with three other boys, had been playing upon defendant's premises at a point not shown by the evidence to have been dedicated to public use; in leaving said location, plaintiff and his companions "cut across lots" over land of the city also not dedicated to public use, and while so doing came to the place where the injury to plaintiff was sustained.

The action was predicated upon a claimed violation of §3714, GC, it being asserted by plaintiff that the place of injury came within the statutory provision of "public grounds," and that defendant was guilty of a violation of the provisions of said section of the statute.

At the conclusion of plaintiff's evidence, the trial court directed a verdict in favor of the defendant, and from the judgment entered upon that verdict, appeal on questions of law brings the cause before this court for determination.

Negligence has been defined as the violation of a duty owed to him who makes complaint concerning the violation. So, in this case, we must address ourselves to discovery of the duty, if any, owed to the plaintiff.

The locus of the injury was upon property of the defendant not shown

by the record to have been dedicated to public use. Plaintiff was not there by invitation from defendant, either express or implied. At most he was there by mere sufferance as a licensee.

What was the duty owed to plaintiff by the city under such circumstances?

"The duties owed to a licensee are substantially the same as those owed to a trespasser. A licensee takes his license subject to its attendant perils and risks. The licensor owes him no duty except to refrain from wantonly, wilfully or intentionally injuring him. * * * ."

It is stated that the possesor of land is not liable to a gratuitous licensee for bodily harm caused by the dangerous condition in which the premises are permitted to remain, unless such possessor not only knew of the condition, but also knew that the licensee might reasonably be expected to encounter it in the exercise of his license. 29 O. Jur., Negligence, §50.

See also—

C., C., C. & St. L. Ry. Co. v Potter, 113 Oh St 591, at p. 601.

The Stark Co. Agricultural Soc. v Brenner, 122 Oh St 560.

The foregoing are the rules applicable to private individuals in the matter of the duties owed by them to licensees.

Certainly a municipal corporation, holding land used for storage purposes, not dedicated to public use so as to come within the definition of "public grounds," can be subject to no greater degree of care than that required of a private person, under the same or similar circumstances.

The evidence contained in this record warranted the trial court in sustaining the motion to direct a verdict in favor of defendant.

Judgment affirmed.

WASHBURN, J. and DOYLE, J, concur.